**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ted Mink, | No. CV09-2582 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Defendants City of Mesa, Officer Scott Sorensen, Sergeant Ryan Stokes, and Officer Joseph Trafan (collectively "the City Defendants") have filed a motion to dismiss portions of Plaintiff Ted Mink's second amended complaint. Dkt. #48. The motion is fully briefed. Dkt. ##65, 70. Defendants State of Arizona, Tina Byrd, John Carlson, Bobbi Jo Gray, and Stacy Stanton (collectively "the State Defendants") have filed a motion to dismiss Plaintiff's second amended complaint. Dkt. #49. The motion is fully briefed. Dkt. ##60, 68. No party has requested oral argument. For reasons that follow, the Court will grant in part and deny in part the City Defendants' motion (Dkt. #48) and will grant the State Defendants' motion (Dkt. #49).

**I.     Background.**

Plaintiff received a traffic citation on November 14, 2006 in London, Ohio, which he paid on November 29, 2006. Dkt. #43 at ¶ 16. Despite the fact that he paid the ticket, a court in Ohio ordered the Arizona Motor Vehicle Division ("MVD") to suspend Plaintiff's driver's

1  license for failure to pay the ticket. *Id.*  The MVD ordered the suspension to start on
2  March 5, 2007, and Plaintiff's license was suspended from that date. *Id.* at ¶ 17.

3  Plaintiff contends that on July 2, 2008, he attempted to "clear up his driving record"
4  by contacting Defendant Byrd, a supervisor at the MVD. *Id.* at ¶ 18. According to Plaintiff,
5  Byrd refused to correct Mink's driving record. *Id.*

6  On November 17, 2008, Plaintiff was pulled over by Defendants Sorensen and Trafan
7  because of a large crack in the windshield of his vehicle. *Id.* at ¶ 19. While Plaintiff was
8  pulled over, Trafan allegedly "pulled his taser gun and aimed it at Plaintiff." *Id.* at ¶ 20.
9  Sorensen and Trafan cited Plaintiff for driving with a suspended license and for having no
10 insurance and had Plaintiff's vehicle towed from the scene. *Id.* at ¶¶ 20-22. After learning
11 that his vehicle would be towed, Plaintiff allegedly requested Trafan and Sorensen to drive
12 him to a safe location "as he had a medical injury of his foot (heel) which made him unable
13 to walk any distance, per doctor's orders." *Id.* at ¶ 22. The Officers refused to provide
14 Plaintiff with a ride.

15 While he was pulled over, Plaintiff also requested that a supervisor be called to the
16 scene. Defendant Stokes arrived and, despite Plaintiff's request, also refused to give Plaintiff
17 a ride home. *Id.* at ¶ 24. Because he did not have a ride, Plaintiff began walking home and
18 "was forced to walk for several miles before being able to find a ride with a friend." *Id.* at
19 ¶ 25. While walking, Plaintiff attempted to hitchhike, but he was told by Defendant Officer
20 Doe that he could not hitchhike. *Id.* Officer Doe also refused to provide Plaintiff with a ride
21 home. *Id.* Because he had to walk away from the scene, Plaintiff "suffered additional heel
22 injuries" which necessitated several surgeries. *Id.*

23 Based on these incidents, Plaintiff filed suit in state court against the State Defendants
24 and the City Defendants, alleging that each Defendant violated his Eighth Amendment and
25 Fourteenth Amendment rights and committed the state law torts of intentional infliction of
26 emotional distress, negligent infliction of emotional distress, and outrage. Dkt. #1-2 at 9.
27 On December 10, 2009, the case was removed to this court. Dkt. #1.
28

1  On March 26, 2010, Plaintiff filed a second amended complaint which contains the following claims against the City and State Defendants: (1) a § 1983 Fifth Amendment claim, (2) a § 1983 Eighth Amendment claim, (3) a § 1983 Fourteenth Amendment claim, (4) an intentional infliction of emotional distress claim, and (5) a negligence claim. Dkt. #43 at 8.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

## III. The City Defendants' Motion.

The City Defendants have moved to dismiss several claims. Dkt. #48. The Court will consider each claim in turn.

### A. Fifth Amendment Claim.

The City Defendants have moved to dismiss the § 1983 Fifth Amendment claim on the ground that Plaintiff has failed to plead any facts that apply to the Fifth Amendment. Dkt. #48 at 2. They contend that a cause of action under § 1983 premised on the Fifth Amendment Due Process Clause requires federal government action, and that here there is

1 only state action alleged. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he
2 Fifth Amendment's due process clause only applies to the federal government."). Plaintiff
3 does not address this argument in his response. The Court will dismiss the § 1983 Fifth
4 Amendment claim as to the City Defendants.

**B.    Eighth Amendment Claim.**

After removal, Plaintiff moved for partial summary judgment against the City Defendants. Dkt. ##7, 20. The City Defendants also filed a cross-motion for summary judgment. Dkt. #20. In ruling on the summary judgment motions, the Court granted summary judgment to all City Defendants on Plaintiff's § 1983 Eighth Amendment claim. Dkt. #42 at 11. As a result, to the extent Plaintiff's second amended complaint brings a § 1983 Eighth Amendment claim against any of the City Defendants, the claim is dismissed.

**C.    Fourteenth Amendment Claim.**

In ruling on the summary judgment motions in this case, the Court granted summary judgment to the City of Mesa on the § 1983 Fourteenth Amendment claim. Dkt. #42 at 11. To the extent Plaintiff's second amended complaint brings a § 1983 Fourteenth Amendment claim against the City of Mesa, the claim is dismissed. This claim remains active as to the other City Defendants.

**D.    Intentional Infliction of Emotional Distress.**

In ruling on the summary judgment motions in this case, the Court granted summary judgment to the City Defendants on Plaintiff's intentional infliction of emotional distress claim. Dkt. #42 at 11. As a result, to the extent Plaintiff's second amended complaint brings an intentional infliction of emotional distress claim against any of the City Defendants, the claim is dismissed.

**E.    Negligence.**

The City Defendants contend that the Court must dismiss Plaintiff's negligence claim because it is statutorily barred pursuant to A.R.S. § 12-821. Defendants contend that because the Court, in its March 29, 2010 order, determined that Plaintiff failed to state a claim for negligence in his original complaint, the first time Plaintiff brought a negligence claim was

on March 29, 2010 when he filed his amended complaint. Defendants argue that this was outside the statute of limitations given that the incident giving rise to Plaintiff's lawsuit occurred on November 17, 2008. The Court disagrees. Pursuant to Rule 15(c)(1)(B), the amendment to add the negligence claims relates back to the filing date of the original complaint.

City Defendants Sorensen, Stokes, and Trafan also argue that they are entitled to dismissal of the negligence claim because Plaintiff failed to comply with Arizona's notice of claim statute, which requires a plaintiff, before filing a lawsuit against a named public employee, to serve notice of the claim on the named employee. A.R.S. § 12-821.01(A) ("Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues."). These Defendants allege that Plaintiff, although he filed a notice of claim with the City of Mesa Clerk, failed to serve a notice of claim on them individually as required under the statute. *See McGrath v. Scott*, 250 F. Supp. 2d 1218, 1236 (D. Ariz. 2003) (citing *Johnson v. Superior Court*, 763 P.2d 1382, 1384 (Ariz. App. 1988)).

The Court agrees with Defendants. "Any claim that fails to comply with the notice of claim statute is barred." *McGrath*, 250 F. Supp. 2d at 1236. Plaintiff does not allege that he filed a notice of claim with each Defendant. As a result, his negligence claim against Defendants Sorensen, Stokes, and Trafan is dismissed.

**F.     Conclusion.**

The following claims are still pending against the City Defendants: (1) a negligence claim against the City of Mesa, and (2) a § 1983 Fourteenth Amendment claim against Sorensen, Stokes, and Trafan. All other claims against the City Defendants are dismissed.

**IV.    The State Defendants' Motion.**

Plaintiff's second amended complaint alleges the following claims against the State Defendants: (1) a § 1983 Fifth Amendment claim, (2) a § 1983 Eighth Amendment claim, (3) a § 1983 Fourteenth Amendment claim, (4) an intentional infliction of emotional distress

1  claim, and (5) a negligence claim. Dkt. #43 at 8. These claims are brought against the State
2  of Arizona and several employees of the Arizona DMV (Byrd, Carlson, Gray, and Stanton)
3  in both their individual and official capacities.

4  The State Defendants argue that all claims against the State and against Byrd, Carlson,
5  Gray, and Stanton in their official capacities must be dismissed pursuant to the Eleventh
6  Amendment of the Constitution, which bars suits against states and state officials acting in
7  their official capacity to the extent the suits seek monetary relief. *See Edelman v.Jordan*,
8  415 U.S. 651, 677-78 (1974); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state
9  officials in their official capacity . . . should be treated as suits against the State."). Plaintiff
10 argues that the State Defendants waived their right to sovereign immunity by removing this
11 case to federal court. Dkt. #60 at 1 (citing *Lapides v. Board of Regents of the University
12 System of Ga.*, 535 U.S. 613 (2002)). The Court disagrees.

13 Plaintiff's motion to remand noted that the State Defendants did not authorize removal
14 of this case. Dkt. #18 at 1. Rather, the City Defendants removed this case to federal court.
15 Although this normally would have defeated removal jurisdiction, Plaintiff failed to raise this
16 issue timely. Thus, although the case remained in this Court, it also is true that the State
17 Defendants never acted to remove the case to this Court. As a result, the Court cannot
18 conclude that the State Defendants waived their sovereign immunity by removing the case
19 to federal court. The Court must dismiss with prejudice all claims against the State, as well
20 as all claims against Byrd, Carlson, Gray, and Stanton in their official capacities. *Edelman*,
21 415 U.S. at 677-78; *Hafer*, 502 U.S. at 25.

22 As a result, the only remaining claims against the State Defendants are those against
23 Byrd, Carlson, Gray, and Stanton in their individual capacities – three § 1983 claims and two
24 state law tort claims. *Hafer*, 502 U.S. 21 (holding that state officials cannot be sued in their
25 official capacities because of the Eleventh Amendment, but that they *can* be sued in their
26 individual capacities). The State Defendants make the following arguments for why the
27 § 1983 claims cannot stand against them in their individual capacities: (1) Byrd, Carlson,
28 Gray, and Stanton are protected by qualified immunity, and (2) Plaintiff has failed to state

- 6 -

a claim under § 1983. The State Defendants also argue that Plaintiff failed to serve each of them with a notice of claim. The Court will consider each set of claims in turn.

**A. § 1983 Claims.**

The State Defendants argue that Byrd, Carlson, Gray, and Stanton are protected from the § 1983 claims because they are entitled to qualified immunity. Qualified immunity protects governmental defendants from suit. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). In determining whether a state actor is entitled to qualified immunity, the Court first asks whether the plaintiff has made a *prima facie* showing that the state actor violated plaintiff's constitutional rights. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001); *Saucier*, 533 U.S. at 201. If the alleged facts show a constitutional violation, the Court next determines whether the law was clearly established. *Saucier*, 533 U.S. at 201. Finally, if the law was clearly established, yet based on the circumstances, the state actor made a mistake regarding what the law required, the officer will be entitled to immunity if the mistake was reasonable. *Id.* at 205.

The State Defendants contend that Plaintiff has failed to allege any violation of a clearly established constitutional right. The Court agrees. Plaintiff makes the following allegations against the State Defendants: (1) Byrd, the supervisor of the Mesa DMV, "violated clearly established law and has shown a deliberate willful disregard for Plaintiff's Civil Rights," *see* Dkt. #43 at ¶ 10; (2) Carlson, the assistant director of the Mesa DMV, "violated clearly established law and has shown a deliberate willful disregard for Plaintiff's Civil Rights," *see* Dkt. #43 at ¶ 11; (3) Gray, the customer service lead for the Mesa DMV, "violated clearly established law and has shown a deliberate willful disregard for Plaintiff's Civil Rights," *see* Dkt. #43 at ¶ 12; and (4) Stanton, division director for the Mesa DMV, "violated clearly established law and has shown a deliberate willful disregard for Plaintiff's Civil Rights," *see* Dkt. #43 at ¶ 13. The only factual allegations against these Defendants are as follows: Byrd "would not do anything to clear up the Plaintiff's driving record which had erroneous information listed," *see* Dkt. #43 at ¶ 18; Carlson "wrote a letter to [Plaintiff] admitting that his office had made mistakes and that Plaintiff did, in fact, have insurance,"

*see* Dkt. #43 at ¶ 29; and Stanton "had knowledge of what was happening and refused to clear Plaintiff of the violations," *see* Dkt. #43 at ¶ 30.

Given these very limited allegations, the Court cannot find that Plaintiff has made a *prima facie* showing that Byrd, Carlson, Gray, or Stanton violated Plaintiff's constitutional rights. *Orin*, 272 F.3d at 1214. This is particularly true as to Gray, given that Plaintiff makes no factual allegations against Gray. But even assuming that Plaintiff made a showing of a violation of his constitutional rights, the Court cannot find that any such "right was clearly established." *Saucier*, 533 U.S. at 202. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* Plaintiff bears the burden of proving that such a clearly established right existed at the time of the conduct. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000). The Court cannot find that refusing to assist Plaintiff in fixing his driving-related records, or writing a letter admitting that mistakes were made, are clear violations of a constitutional right. Indeed, Plaintiff is unable to point the Court to any case showing that such actions violate constitutional rights. Plaintiff does cite *Bell v. Burson*, 402 U.S. 535 (1971), but that case stands for the proposition that suspension of a driver's license may not occur without procedural due process. Plaintiff does not allege that Byrd, Carlson, Gray, and Stanton suspended his license without due process, but rather that they refused to assist Plaintiff in fixing his record. As a result, the Court will dismiss all § 1983 allegations against Byrd, Carlson, Gray, and Stanton on the ground that they are barred by qualified immunity.

**B.  State Law Claims.**

The State Defendants contend the state law claims brought against Byrd, Carlson, Gray, and Stanton in their individual capacities must be dismissed because Plaintiff failed to comply with Arizona's notice of claim statute. Dkt. #49 at 9. As discussed above, A.R.S. § 12-821.01(A) requires that a plaintiff serve a notice of claim on a public employee before suing that public employee. The State Defendants allege that Plaintiff did not serve any of the individual State Defendants with a proper notice of claim and that the Court must dismiss the state law claims. *See McGrath*, 250 F. Supp. 2d at 1236. The Court agrees. Plaintiff

does not allege that he served a notice of claim on each Defendant. As a result, his state law claims will be dismissed with prejudice.

    **C.    Conclusion.**

The Court will dismiss all claims against the State and Byrd, Carlson, Gray, and Stanton in their official capacities on the ground that the claims are barred by the Eleventh Amendment. The Court will also dismiss the state law claims against Byrd, Carlson, Gray, and Stanton in their individual capacities on the ground that Plaintiff failed to comply with Arizona's notice of claim statute. Finally, the Court will dismiss all § 1983 claims against Byrd, Carlson, Gray, and Stanton in their individual capacities on the ground that they are entitled to qualified immunity. As a result, there are no pending claims against the State Defendants.

**V.    Plaintiff's Request to Amend.**

Plaintiff asks the Court to grant him leave to amend his complaint against the State Defendants should the Court dismiss them. Dkt. #60 at 2. The Court will deny this request for several reasons.

First, the Court's deadline for amending pleadings passed on April 3, 2010. Dkt. #25. Plaintiff's request to amend was filed more than one month late. A schedule established under Rule 16 of the Federal Rules of Civil Procedure may be extended only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Rule 16's good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committees notes (1983 amendment)). Plaintiff has not shown good cause to extend the Court's deadline. Any amendment now sought by Plaintiff could have been sought earlier in this litigation.

Second, Plaintiff has failed to cure deficiencies through previous amendments. Plaintiff has pled his complaint three times and yet has failed to state a claim against any of

the State Defendants. The Court concludes that further amendments will not cure the deficiencies in Plaintiff's complaint identified above.

Third, allowing Plaintiff to amend at this late stage of the litigation would be unduly prejudicial to the State Defendants. Discovery is well underway in this case. The deadline for completing fact discovery is only days away. Dkt. #25. As the Court informed Plaintiff in its scheduling order, the deadlines in this case are real and "the Court intends to enforce" them. *Id.* at 5. As a result, the Court will deny Plaintiff's request to amend.

**IT IS ORDERED:**

1. The City Defendants' motion to dismiss (Dkt. #48) is **granted in part and denied in part**. The Court will dismiss the § 1983 Fifth Amendment claims against all City Defendants. The Court will dismiss the negligence claim against Sorensen, Stokes, and Trafan. The only claims pending against the City Defendants are a negligence claim against the City of Mesa and a § 1983 Fourteenth Amendment claim against Sorensen, Stokes, and Trafan.

2. The State Defendants' motion to dismiss (Dkt. #49) is **granted**. The State Defendants are dismissed from this action.

DATED this 23rd day of June, 2010.

_____
David G. Campbell
United States District Judge