**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ted Mink, ) | No. CV09-2582 PHX DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| State of Arizona, et al., ) | |
| Defendants. ) | |

Defendant Linda Sollars has filed a motion to dismiss. Dkt. #76. Plaintiff Ted Mink opposes the motion. Dkt. #81. The motion is fully briefed, and no party has requested oral argument. For the reasons that follow, the Court will grant the motion. Dkt. #76.

**I.     Background.**

Defendant Linda Sollars is the clerk of the municipal court in Madison County, Ohio. On November 14, 2006, Plaintiff received a traffic ticket in London, Ohio. Dkt. #43 at ¶ 14. He paid the ticket on November 29, 2006. *Id*. at ¶ 16. Plaintiff alleges that Defendant Sollars received his payment, but that her court nonetheless ordered the Arizona Motor Vehicle Division ("MVD") to suspend his driver's license for failure to pay the ticket. *Id.* The MVD suspended Plaintiff's license as of March 5, 2007. *Id.* at ¶ 17.

Plaintiff attempted to have his license reinstated by the MVD, but it refused to do so until Plaintiff paid the Ohio fine. *Id.* at ¶ 27. Plaintiff sent a second payment for the fine, but Defendant Sollars refused to accept it. *Id.* at ¶ 28. When Plaintiff and his vehicle were stopped by Mesa police on November 17, 2008 for a cracked windshield, he alleges, the

vehicle was impounded because of the wrongly suspended license and he was forced to walk several miles, aggravating an injury to his foot.

Plaintiff has sued multiple defendants. He sues Defendant Sollars in both her individual and official capacities, alleging that she is liable for violating his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, for intentional infliction of emotional distress, and for negligence. Dkt. #43 at 8. Defendant Sollars seeks dismissal of all these claims. Dkt. #76.[1]

## II. Absolute Immunity.

Among other arguments, Defendant contends that she is entitled to absolute immunity. Dkt. #76 at 1-2. The Court agrees.

Judicial or quasi-judicial immunity is not limited to those who adjudicate disputes in an adversarial setting. It extends in appropriate circumstances to non jurists "'who perform functions closely associated with the judicial process.'" *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). Quasi-judicial immunity has been extended to prosecutors, administrative law judges, agency officials, agency attorneys, and bankruptcy trustees. *Id*. at 948-49. Several cases have also extended immunity to court clerks. *See Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (clerk of court can be entitled to absolute immunity for quasi-judicial functions); *Mullis v. U.S. Bankr. Court of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks are entitled to immunity when they perform tasks that are an integral part of the judicial process); *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (clerk of court is entitled to absolute immunity in certain cases).

In *Castillo*, the Ninth Circuit noted that quasi-judicial immunity attaches not on the basis of titles, but on the basis of functions performed. "[I]t is only when the judgment of an official other than a judge involves the exercise of discretionary judgment that judicial

---

[1] It is not clear that the Court would have personal jurisdiction over Defendant Sollars, who is alleged only to have improperly performed her duties in Ohio, but Defendant Sollars has not raised this issue.

1 immunity may be extended to that nonjudicial officer." 297 F.3d at 949. *Castillo* considered a claim against a bankruptcy trustee that arose from the trustee's failure to provide notice of a hearing. Although the task of providing notice could be viewed as a purely ministerial matter not involving the exercise of judicial discretion, the Ninth Circuit cautioned against viewing specific tasks in isolation. It explained that "a court must focus on the 'ultimate act' rather than the constituent parts of the act." *Id*. at 952. Because the giving of notice was integral to the judicial function of setting hearings, the Court held that the bankruptcy trustee was performing a judicial function and was entitled to full immunity from liability. *Id*.

The claims asserted against Defendant Sollars in this case are based on the performance of her duties as clerk. *See* Dkt. #43 at ¶¶ 14, 16, 18, 28. The gravamen of Plaintiff's complaint is that he paid the fine required by Ohio law and the court nonetheless issued an order requiring the suspension of his license. The "ultimate act" about which Plaintiff complains is the court's suspension of his license despite his payment of the fine. That ultimate act is judicial in nature and subject to immunity. Under *Castillo*, the constituent parts of that act – receiving payment of the fine, failing to credit the fine as sufficient to comply with Ohio law, issuing an order to suspend Plaintiff's license, and refusal to accept a second fine – are also entitled to immunity. Those actions certainly are as judicial in nature as was sending the notice of hearing in *Castillo*.

Stated differently, the actual judicial decision to suspend Plaintiff's license is not the only action subject to judicial immunity. "'[T]he activities that are part and parcel of the decision process [also] justify absolute immunity.'" *Castillo*, 297 F.3d at 952 (quoting *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir.1996)). Defendant Sollars' actions were part and parcel of the judicial action about which Plaintiff complains and therefore qualify for quasi-judicial immunity. *Id*. at 950-52.

Plaintiff does not argue that Defendant's actions were not part of the judicial process. Rather, he argues that Defendant did not have judicial immunity based on *Forrester v. White*, 484 U.S. 219 (1988), and *Pulliam v. Allen*, 466 U.S. 522 (1970). These cases clearly are distinguishable from Plaintiff's case. In *Forrester*, the Supreme Court held that a judge did

not have judicial immunity for his decision to fire an employee because the acting of firing the employee was an employment decision, not a judicial decision. 484 U.S. at 228-29. Defendant Sollars' actions, by contrast, all occurred in her role as clerk of court and in connection with the traffic case pending against Plaintiff. In *Pulliam*, the Supreme Court held that judicial immunity did not bar claims for injunctive relief. 466 U.S. at 541-42. Plaintiff does not seek injunctive relief.

The Court finds that Defendant Sollars is entitled to quasi-judicial immunity for her actions. As a result, all pending claims against her must be dismissed.

**IT IS ORDERED** that Defendant Sollars' motion to dismiss (Dkt. #76) is **granted**.

Dated this 5th day of July, 2010.

_____
David G. Campbell
United States District Judge