**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ted Mink, )  No. CV09-2582 PHX DGC
)
　　　　Plaintiff, )
)
vs. ) **ORDER**
)
State of Arizona, et al., )
)
　　　　Defendants. )
)

## I.　Motions at Docs. 93 and 106.

Defendants Sorensen, Stokes, and Trafan move to dismiss Defendant John Doe with prejudice. Doc. 93. Because the motion is unopposed, the Court will grant the motion.

Pro se Plaintiff Ted Mink moves under Federal Rule of Civil Procedure 60(b)(2) to vacate this Court's order dismissing the State defendants. Doc. 106. The State defendants oppose by asserting that the new evidence is not relevant to the basis on which this Court dismissed the claims against them. Doc. 108. Plaintiff does not counter the State defendants' arguments, the Court finds those arguments persuasive, and the Court therefore will deny Plaintiff's motion.

## II.　Motion for Summary Judgment at Doc. 102.

Defendants City of Mesa, Sorensen, Stokes, and Trafan (collectively the "City Defendants") move for summary judgment on Plaintiff's remaining claims (Doc. 102) and have filed a statement of facts supporting the motion (Doc. 103). Plaintiff opposes and has also filed supporting exhibits. Docs. 104, 104-1, 104-2. The motion has been fully briefed

and the parties do not request oral argument. For reasons that follow, the Court will grant the motion.

### A. Respondeat Superior Liability Against City of Mesa.

The City Defendants argue that Plaintiff's claim against the City of Mesa must be dismissed because a city cannot be held liable under a theory of respondeat superior where the claim is based solely on § 1983 violations by its employees. Doc. 102 at 6. This argument is a correct statement of federal law. *See, e.g.*, *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (municipality may not be held liable under § 1983 solely because it employs a tortfeasor). Plaintiff responds not by arguing § 1983 law, but by arguing Arizona tort law: "the City of Mesa is vicariously liable for the acts of its officers and/or employees in violation of Arizona tort law." Doc. 104 at 5. This Court, however, has previously dismissed the state tort claims against Defendants Sorensen, Stokes, and Trafan for failure to comply with Arizona's notice-of-claim requirements. Doc. 82 at 5. Because those claims have been dismissed, they cannot form the basis for vicarious tort liability of the City, and the Court will grant summary judgment to the City of Mesa on this claim.

### B. Section 1983 Claims Against Defendants Sorensen, Stokes, and Trafan.

The City Defendants argue that the § 1983 claim against Sorensen, Stokes, and Trafan fail as a matter of law. Doc. 102 at 8. The two acts in question are (1) Officer Trafan pointing a taser at Plaintiff and (2) the officers refusing to give Plaintiff a ride home despite his alleged foot injury.

#### 1. Tazer.

As to the first act, Plaintiff responds by citing *Tennessee v. Garner*, 471 U.S. 1 (1985), and arguing that "deadly force may not be used" in the circumstances of Plaintiff's case. Doc. 104 at 4, 5. Plaintiff has not shown, however, that deadly force was used. He does not claim the taser was actually fired (*see id.*; Doc. 43 ¶ 20) as was the gun in *Garner*, and he offers no evidence that the taser would constitute deadly force in any event. Thus, even if Plaintiff's interpretation of *Garner* is correct, he has not presented evidence to support the constitutional violation he claims.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Because Plaintiff has failed to present evidence that Defendants used deadly force against him, the Court will grant summary judgment on his deadly force claim.

### 2. Refusing to Give Plaintiff a Ride.

To succeed in a § 1983 claim, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989) (citing *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987)). "[The] constitutional right to personal security[] [is] a liberty interest protected by the fourteenth amendment." *Wood*, 879 F.2d at 591. Before a constitutional violation is found under § 1983, however, the defendant must be shown to have possessed a threshold state of mind. *See, e.g., Tennison v. City and County of San Francisco*, 570 F.3d 1078, 1088 (9th Cir. 2009); *compare id*. at 1089 (holding that "reckless disregard" is sufficient where investigators failed to disclose exculpatory material to the prosecution) *with Wood*, 879 F.2d at 588 & n.4 (applying a "deliberate indifference" standard to violations of personal security). In any case, "mere negligence or lack of due care by state officials" does not state a § 1983 claim for violation of the Fourteenth Amendment. *Wood*, 879 F.2d at 587 (citing *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986), and *Davidson v. Cannon*, 474 U.S. 344, 347 (1986)).

It is undisputed that officers impounded Plaintiff's car and left him at the corner of Broadway and Spencer in Mesa, Arizona. Docs. 102, 104; Doc. 104-1 at 22:4-5; *see* Doc. 103 ¶ 6. Plaintiff alleges that as a result of the officers refusing to give him a ride he had to "walk on his bad foot for just over one mile," and that this severely exacerbated his foot injury, caused additional injuries, and resulted in further surgeries. Doc. 104 at 3.

It is undisputed that the stop of Plaintiff occurred mid-morning when the weather was

1  "clear, sunny, and dry." Doc. 103 ¶ 7. Plaintiff was in possession of a fifty-dollar bill and
2  within a few hundred feet of a store. Doc. 104-1 at 22-23. Although Plaintiff alleges that
3  he was limping after he had walked approximately one mile (*id.* at 23:13), he does not assert
4  that he was limping in the officers' presence and does not deny Defendants' assertion that
5  he was not limping while at the traffic stop (Doc. 103 ¶ 33). Plaintiff does allege that he told
6  Officer Sorensen "that he had a medical problem with his foot" and showed the officer a
7  "doctor's card that verified he had just come from a doctor's visit." Doc. 104 at 3. Plaintiff
8  claims that he was unable to break his fifty dollar bill at a store in order to make a phone call,
9  but admits that he could have obtained change for his large bill if he purchased something.
10 See Doc. 104-1 at 23:5-7.

11  Plaintiff's evidence simply cannot satisfy the state-of-mind requirement for a § 1983
12 violation. Leaving a motorist in a populated area on a sunny day with money and the
13 apparent means to make a phone call at a nearby store would not even constitute negligence.
14 Given Plaintiff's assertion that he told the officers he had a sore foot and had just seen the
15 doctor, the evidence might support a finding of negligence on the officers' part. The Court
16 concludes, however, that no reasonable juror could find from this evidence that the officers
17 were deliberately indifferent to Plaintiff's personal security or welfare.

18  Plaintiff relies primarily on the Ninth Circuit's decision in *Wood* to argue that the
19 officers violated his constitutional rights. The officer in *Wood* stopped the plaintiff,
20 impounded her car, and left her stranded in fifty-degree weather near a high-crime area at
21 2:30 a.m. 879 F.2d at 586. The plaintiff accepted a ride from an unknown man, who took
22 her to a secluded area and raped her. *Id.* The court held that summary judgment was
23 improper because the plaintiff had raised a genuine issue of fact about whether the officer's
24 conduct "affirmatively placed the plaintiff in a position of danger." *Id*. at 589-90. The court
25 reasoned that because a jury presented with these facts might find the officer's conduct to
26 have been deliberately indifferent, summary judgment was improper. *Id.* at 588 & n.4.

27  Plaintiff's facts do not approach those of *Wood*. Plaintiff was not left in a dangerous
28 area at night and in inclement weather. He was left in a safe area on a sunny morning within

- 4 -

a short walk of a store and with fifty dollars. Any reasonable officer would have assumed Plaintiff could call for a ride from the store, even with a sore foot. Because no reasonable jury could find that the officers' conduct in this case rises to the level of deliberate indifference, the officer defendants are entitled to summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (to avoid summary judgment, the evidence presented by the nonmoving party must be "such that a reasonable jury could return a verdict for the nonmoving party").

**IT IS ORDERED:**

1. The motion to dismiss Defendant John Doe (Doc. 93) is **granted**.
2. Plaintiff's Rule 60 motion (Doc. 106) is **denied**.
3. City Defendants' motion for summary judgment (Doc. 102) is **granted**.
4. The Clerk shall enter judgment in favor of defendants and terminate this action.

DATED this 11th day of January, 2011.

David G. Campbell
United States District Judge